UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER D. HARTNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 19-1232-JDT-cgc |
| | ) | |
| JOHNNY ALEXANDER, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND

On October 4, 2019, Plaintiff Christopher D. Hartney, who is incarcerated at the Hardin County Correctional Facility (HCCF) in Savannah, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court issued an order on October 7, 2019, granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) The Clerk shall record the Defendants as Hardin County Sheriff Johnny Alexander, HCCF Administrator Tracy White and Nurse Amanda Moore.

Hartney alleges that he has an eight-inch open wound on his leg for which he has been refused treatment at the HCCF. (ECF No. 1 at PageID 2.) He alleges that the staff at the HCCF will not treat his wound because "it happen[e]d before I got arrest[ed]." (*Id.*) He alleges that the wound leaks and that his skin around the wound is rotten. (*Id.*) Hartney

alleges that "the Staff at the H.C.C.F." are aware of his injury, but they will not "treat it or give me cream or Bandages."[1] (*Id.* at PageID 4.)

Hartney also alleges he is in an eight-man cell and that his seven cellmates "have to look at my leg and see how gross it looks, and they don't want to be around it." (*Id.*) Hartney states that his cellmates "give me problems, but they know it[']s the H.C.C.F. [f]ault." (*Id.*) He alleges that he is in both physical and mental pain because "[e]veryone else in my cell has to look at [his leg]." (*Id.*)

Hartney requests medical treatment for his leg and monetary damages. (*Id.* at PageID 6.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

    (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

    (2)    seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57

---

[1] Hartney alleges both that he has "never seen the nurse, and they [won't] give me 4x4 to wrap it or anything," (ECF No. 1 at PageID 2), and that a nurse told him "to just keep it wrap[p]ed ever[y]day." (*Id.* at PageID 3.) This seeming contradiction does not affect the Court's analysis.

(2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Hartney filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable

>to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

To the extent Hartney seeks to sue the Defendants in their official capacities, the Court construes his allegations as claims against the HCCF and, in turn, as claims against Hardin County. *See Jones v. Union Cnty., Tennessee*, 296 F.3d 417, 421 (6th Cir. 2002) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)). Hardin County may be held liable *only* if Hartney's injuries were sustained pursuant to an unconstitutional custom or policy. *See Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691-92 (1978). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)).

Hartney does not allege that he has been denied medical treatment for his leg because of a Hardin County policy or custom. He merely alleges that the medical staff at the HCCF has refused to provide him treatment. Hartney does not state a claim against Hardin County or against any Defendant in his or her official capacity.

Nor does Hartney state a claim against any Defendant in his or her individual capacity. Hartney does not allege any action at all by Sheriff Alexander or Administrator White. When a complaint fails to allege any action by a Defendant, it necessarily fails to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Hartney does generally assert that Alexander and White "are responsible for my well being, and they are violating my civil rights." (ECF No. 1 at PageID 4.) However, Hartney cannot hold them responsible merely because they are in a position of authority. He must allege their personal involvement in the alleged deprivation of his rights. *See Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001) (citing *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691-95 (1978), *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995), and *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)). Hartney does not allege that either Alexander or White personally failed to provide him medical treatment or instructed HCCF staff not to treat his leg wound. He therefore fails to state a claim against Alexander or White in their individual capacities.

Hartney also fails to state a claim against Nurse Moore. His allegation that he has been denied adequate medical care for his leg wound could state a claim under the Eighth Amendment. *See generally Wilson v. Seiter*, 501 U.S. 294, 297 (1991); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). But Hartney again fails to allege any specific action that Moore

has taken or failed to take with regard to his leg wound. He instead generally alleges that "the staff" has failed to treat him. That general allegation is insufficient to hold Moore, or any individual, liable under § 1983. *See Gray v. Weber*, 244 F. App'x 753, 754 (8th Cir. 2007) (affirming dismissal of inmate's § 1983 complaint alleging denial of medical care against Defendants identified "only collectively as 'medical staff'").

For the foregoing reasons, Hartney's complaint is subject to dismissal for failure to state a claim.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court concludes that Hartney should be given the opportunity to amend his complaint.

In conclusion, the Court DISMISSES Hartney's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). However, Hartney is GRANTED leave to file an amended complaint. Any amendment must be filed within twenty-one (21) days after the date of this order.

Hartney is advised that an amended complaint will supersede the original complaint and must be complete in itself without reference to the prior pleadings.  The text of the complaint must allege sufficient facts to support each claim without reference to any extraneous document.  Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint.  All claims alleged in an amended complaint must arise from the facts alleged in the original complaint.  Each claim for relief must be stated in a separate count and must identify each defendant sued in that count.  If Hartney fails to file an amended complaint within the time specified, the Court will dismiss the case in its entirety, assess a strike pursuant to 28 U.S.C. § 1915(g), and enter judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE